IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 21-320 |
| ROBERT FRYER | : |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Robert Fryer's guilty plea as to Counts One through Fifteen of the Information charging him with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; mail fraud, in violation of 18 U.S.C. § 1341; and wire fraud, in violation of 18 U.S.C. § 1343, the defendant is to forfeit criminally his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. All property, real or personal, that constitutes or is derived from proceeds that the defendant obtained as a result of and are traceable to his violations of 18 U.S.C. §§ 1341, 1343 and 1349 is forfeited to the United States.

3. The sum of $1,150,000 represents the value of property, real or personal, which constitutes or is derived from proceeds that the defendant obtained as a result of and are traceable to the offenses charged in Counts One through Fifteen of the Information.

4. The defendant shall forfeit to the United States the $1,150,000 in proceeds that he obtained as a result of his violations of 18 U.S.C. §§ 1341, 1343 and 1349, as charged in Counts One through Fifteen of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2).

5. A money judgment in the amount of $1,150,000 is hereby entered against the defendant.

6. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available to the government for forfeiture, and the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment. The government may move at any time, pursuant to Federal Rule of Criminal Procedure 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

7. Upon entry of this Order or any amendment thereto that is entered pursuant to Federal Rule of Criminal Procedure 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

8. Upon entry of this Order, the Attorney General or a designee, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Federal Rule of Civil Procedure 45.

9. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

10. Pursuant to <u>Federal Rule of Criminal Procedure 32.2(b)(4)</u>, this forfeiture Order shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

11. The Court shall retain jurisdiction to enforce this forfeiture Order, and to amend it as necessary, pursuant to <u>Federal Rule of Criminal Procedure 32.2(e)</u>.

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this forfeiture Order to the Federal Bureau of Investigation ("FBI"), and to counsel for the parties.

ORDERED this 11th day of May, 2022.

/s/ Michael M. Baylson
**HONORABLE MICHAEL M. BAYLSON**
**United States District Court Senior Judge**